# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MICHAEL MOORE,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>LYFT, INC.,<br><br>and<br><br>MARK OYLER<br><br>　　　　Defendants. | CASE NO. 4:19-cv-511 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. Sections 1332 and 1441(b), Defendant Lyft, Inc. (hereinafter referred to as "Defendant"), contemporaneously with the filing of this notice, is effecting the removal of the below referenced action from the Circuit Court of Jackson County, Missouri, to the United States District Court, Western District of Missouri. The removal is based, specifically, on the following grounds:

## PLEADINGS, PROCESS, AND ORDERS

1. On April 19, 2019, Plaintiff Michael Moore (hereinafter referred to as "Plaintiff") commenced the above-entitled civil action in the Circuit Court of Jackson County by filing a Petition for Damages therein entitled Petition for Damages Case No. 1916-CV11701.

2. On May 29, 2019, Defendant received service of the lawsuit and summons.

3. Defendant has not filed an answer to Plaintiff's Petition for Damages.

## DIVERSITY

4. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action where the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states. See Petition for Damages - Accordingly, this action is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441.

5. It is Defendant's information and belief that Plaintiff was, at the time of the filing of this action, and presently remains, a resident and domiciliary of the State of Missouri.

6. It is Defendant's information and belief that Defendant Mark Oyler was, at the time of the filing of this action, and presently remains, a resident, and domiciliary of the State of Illinois.

7. Counsel for Defendant Lyft has conferred with counsel for Defendant Oyler regarding the removal. Defendant Oyler consents to the removal and will be filing a consent to removal after the removal is finalized.

8. At the time this action was commenced, Defendant Lyft is a Delaware corporation with a principal place of business located at 185 Berry Street, Suite 5000, San Francisco, California, 94107.

## AMOUNT IN CONTROVERSY

9. Plaintiffs' Petition for Damages sets forth causes of action for negligence. See Petition for Damages.

10. Plaintiff alleges that on or about May 12, 2018, Plaintiff was involved in a car accident involving Defendant Mark Oyler. Petition for Damages, ¶¶ 7-14.

11. As a result of the damage, Plaintiff alleges that he has suffered substantial damages in an amount of $350,000. Petition for Damages, p. 9 Wherefore Clause.

12. The amount in controversy is determined from the allegations in the complaint. 28 U.S.C. § 1446(c)(2); *See St. Paul Mercury Indemnity Co. v. Red Cab Co.* (1938) 303 U.S. 283, 289.

13. As noted above, here, Plaintiff alleges that he has suffered a considerable amount in damages. Petition for Damages, ¶¶ 18-19. Accordingly, this Court's jurisdiction is properly invoked. *See Quinn v. Kimble,* 228 F. Supp. 2d 1038, 1040-41 (E.D. Mo. 2002) (denying motion to remand because plaintiff alleges he suffered head, neck, and back injuries; incurred medical expenses and will incur further such expenses); *McLauchin v. Sight*, 2016 U.S. Dist. LEXIS 99983 at *2 (W.D. Mo. 2016) (*quoting James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005)) (stating the removing party does not need to "prove that 'the damages *are* greater than the requisite amount,' but that 'the claims . . . could, that is might, legally satisfy the amount in controversy requirement'").

14. Specifically, Plaintiff pleads he has incurred over $108,000 in medical damages. Petition for Damages, ¶ 18. Plaintiff also seeks over $350,000 in total damages from all Defendants. Petition for Damages, p. 9, Wherefore Clause. The amount in controversy exceeds the $75,000.00 statutory minimum. Therefore, federal jurisdiction is proper. Removal is effected without waiving any defenses.

## **VENUE OF REMOVAL**

15. The Circuit Court of Jackson County, Missouri at Kansas City is located in the United States District Court for the Western District of Missouri, Western Division. 28 U.S.C. § 105(b)(1). This Court is part of the district and division in which the action was filed - Jackson County, Missouri. Thus, venue is proper because this is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); see also 28 U.S.C. § 1446(a).

## TIMELINESS OF REMOVAL

16. This Notice of Removal is timely filed in that it has been filed within thirty (30) days after receipt of Plaintiff s Petition for Damages, which indicated that the matter is removable. 28 U.S.C. § 1446(b)(1). Further, the instant removal is within one year of the commencement of the underlying action as required by 28 U.S.C. § 1446(c)(1). As noted, Plaintiff commenced this action on April 19, 2019.

17. For the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. Sections 1332 and 1441(b).

18. Pursuant to 28 U.S.C. § 1446(d), this Notice of Removal will be served upon all adverse parties and will be filed promptly in the State Court Action.

19. Pursuant to 28 U.S.C. § 1446(a), Defendants are filing contemporaneously herewith a current docket sheet from the State Court Action and a copy of all the pleadings and papers filed with the state court.

20. As of the date of this notice of removal, no other proceedings have been set in the State Court Action, other than a case status conference currently set for August 7, 2019 before Judge George Edgar Wolf.

**WHEREFORE**, Defendant Lyft, Inc. removes this action from the Circuit Court of Jackson County, Missouri to the United States Western District of Missouri.

/s/ Jeremy K. Schrag
Jeremy K. Schrag, MO #70536
LEWIS BRISBOIS BISGAARD & SMITH LLP
1605 North Waterfront Parkway, Suite 150
Wichita, Kansas 67206
Telephone: 316.609.7900
Facsimile:  316.462.5746
jeremy.schrag@lewisbrisbois.com

*Attorney for Defendant*

# **CERTIFICATE OF SERVICE**

I certify that on June 28, 2019, I did cause a true and correct copy of the above Notice of Removal to be placed in the United States Mail, with first class postage prepaid thereon, and addressed as follows:

Kevin J. Berger
Janet E. Vogini
8025-B Ward Parkway Plaza
Kansas City, Missouri 64114

I also hereby certify that on June 28, 2019, a true and correct copy of the above Notice of Removal was sent via electronic mail to the following:

Kevin J. Berger
Janet E. Vogini
kevin@kcbvlaw.com
janet@kcbvlaw.com

/s/ Jeremy K. Schrag
Jeremy K. Schrag